# Court of Appeals
# of the State of Georgia

ATLANTA,  July 06, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1886.  ERIC PECHTER v. DEREK M. DAVIS et al.

Plaintiffs Eric Pechter, Gail Pechter, Pechter & Associates, P.C., and Pechter & Co, Inc. filed this civil action against Derek M. Davis; Amee Lyn Howard Davis; Davis, Pechter & Associates, P.C.; and Davis & Associates, Attorneys at Law, LLC. After Eric Pechter failed to appear for a deposition, the defendants filed a motion to compel and for sanctions.  The trial court: (1) granted the motion to compel; (2) dismissed Eric Pechter's complaint against all defendants as a sanction under OCGA § 9-11-37 (b) (2) (C); and (3) awarded attorney's fees related to Eric Pechter's failure to attend the deposition under OCGA §§ 9-11-37 (a) (4) and 9-11-37 (d) (1).  The trial court did not dismiss the claims with respect to the other plaintiffs.  Eric Pechter filed a notice of appeal from the trial court's order.  We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.  "Where neither of these code sections are followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that any of the remaining plaintiffs have been dismissed from this action.  Consequently, because this action remains pending below,

Eric Pechter was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989).  Eric Pechter's failure to do so deprives us of jurisdiction over this appeal.  Accordingly, the appellee's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/06/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk*.