# Court of Appeals
# of the State of Georgia

ATLANTA, July 25, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1326. JEFFREY THOMAS et al. v. A.P. MOLLER-MAERSK A/S.

Plaintiffs Jeffrey and Inez Thomas filed this civil action against Maersk, Inc.; Georgia Ports Authority; Interstate Paper, LLC; and three John Does. Georgia Ports Authority was dismissed from the case by consent order in February 2015. After Maersk, Inc. and Interstate Paper, LLC filed motions to dismiss, the plaintiffs moved to add A.P. Moller-Maersk A/S as a defendant. A.P. Moller-Maersk A/S opposed the plaintiffs' motion and also filed a motion to dismiss. In three separate orders entered on April 22, 2016, the trial court (1) denied the motions to dismiss filed by Maersk, Inc. and Interstate Paper, LLC; (2) denied the plaintiffs' motion to add A.P. Moller-Maersk A/S as a defendant; and (3) granted A.P. Moller-Maersk A/S's motion to dismiss. The plaintiffs then filed this notice of appeal, seeking review of the rulings in favor of A.P. Moller-Maersk A/S. We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. "Where neither of these code sections are followed, the appeal is premature and must be dismissed." (Punctuation omitted.) Id.

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that any of the remaining defendants have been dismissed from this action. Accordingly, because this action remains pending below,

the plaintiffs were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the April 22 orders. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989).  The plaintiffs' failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,__07/25/2018_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*