# Court of Appeals
# of the State of Georgia

ATLANTA,　April 23, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1731.  GAY J. DILLARD v. SHELDON L. LEGGETT.**

Gay Dillard sued Sheldon Leggett, seeking damages for injuries Dillard sustained in an automobile accident.  Dillard served United Services Automobile Association ("USAA") as the uninsured/underinsured motorist coverage carrier.  The trial court granted Leggett's motion to dismiss on the ground that he had not been served within the applicable statute of limitation.  Dillard then filed this direct appeal.  We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment."  *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.  Where neither code section is followed, the appeal is premature and must be dismissed.  Id.

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that USAA has been dismissed from this action.  To the contrary, it appears that USAA's motion to dismiss, or, in the alternative, for summary judgment, currently is pending before the trial court.  Consequently, because this action remains pending below, Dillard was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order granting Leggett's motion to dismiss. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906)

(1989). Dillard's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/23/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*, *Clerk.*