A89A1102. JOHNSON v. HOSPITAL CORPORATION OF AMERICA et al.
(385 SE2d 731)

BANKE, Presiding Judge.

Johnson appeals from an order of the trial court dismissing his prior appeal to this court due to an unreasonable and inexcusable delay in filing the transcript. See generally OCGA § 5-6-48 (c).

On May 25, 1988, the appellant filed a medical malpractice action against the appellees herein, Hospital Corporation of America (HCA), Fairview Park Hospital and Henry George Stelling, M.D. The complaint, which was filed within 10 days of the expiration of the statute of limitation, was not accompanied by the supporting expert affidavit required by OCGA § 9-11-9.1 (Ga. L. 1987, p. 887, § 3). Acknowledging the absence of the required affidavit, the appellant stated in his pleadings that he "reserve[d] the right to amend his complaint to include the affidavit of his expert witness."

Appellees Stelling and Fairview Park moved to dismiss the complaint based on the absence of the affidavit. Those motions were ultimately granted by the trial court on August 26, 1988, even though the appellant filed the required affidavit in the interim. In addition, summary judgment was sought by appellees Stelling and HCA, but those motions were not ruled on.

On September 20, 1988, the appellant filed a timely notice of appeal from the dismissal order of August 26th. On December 13, 1988, all three appellees moved to dismiss the appeal based on the appellant's failure either to cause a transcript of the proceedings to be filed within 30 days or to obtain an extension of time for filing the transcript, in accordance with OCGA § 5-6-42. The transcript was finally filed on December 18, 1988. The record reflects that on January 6, 1989, Stelling's counsel filed a suggestion of death stating that Stelling had died on December 26, 1988. However, the record does not reflect that any successor was substituted for Stelling pursuant to OCGA § 9-11-25 (a). On January 13, 1989, the trial court entered an

order dismissing the appeal based on a finding that there had been an unreasonable and inexcusable delay by the appellant in filing the transcript. The present appeal followed. *Held*:

"[In] a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. . . . In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) . . . or there must be compliance with the [interlocutory appeal] requirements of OCGA § 5-6-34 (b). . . . Where neither of these code sections are followed . . ., the appeal is premature and must be dismissed. [Cits.]" *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677) (1983). See generally OCGA § 5-6-34 (a) (1).

Since no motion to dismiss the complaint was brought on behalf of appellee HCA, the trial court's order of August 26, 1988, did not have the effect of dismissing the action with respect to that defendant. Thus the dismissal order did not constitute a final judgment within the contemplation of OCGA § 5-6-34 (a) (1) and was not immediately appealable as a matter of right. It follows that any error committed by the trial court in dismissing the appeal pursuant to OCGA § 5-6-48 (c) must be considered harmless.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 31, 1989 — ▇▇▇▇▇▇▇▇

*Roosevelt Warren*, for appellant.

*Anderson, Walker & Reichert, Mallory C. Atkinson, Jr., R. Harold McCard, Jr., Joseph J. Chambless*, for appellees.