# Court of Appeals
# of the State of Georgia

ATLANTA,_____April 25, 2012_____

*The Court of Appeals hereby passes the following order:*

**A12A1375.     MCMEANS LEASING, INC. v. DEPARTMENT OF TRANSPORTATION.**

The Department of Transportation filed a condemnation petition, which it served on both Brian McMeans and McMeans Leasing, Inc. On October 27, 2011, the trial court entered an order that effectively struck the answer filed by McMeans Leasing. McMeans Leasing filed a notice of direct appeal from this ruling.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Johnson v. Hospital Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Here, the condemnation action remains pending as to McMeans. Accordingly, McMeans Leasing was required to comply with the interlocutory appeal procedures in order to secure appellate review.[1] Because McMeans Leasing failed to do so, we lack jurisdiction to consider this appeal, which is therefore DISMISSED.

---

[1] McMeans filed an application for interlocutory appeal, which was granted on December 7, 2011 and docketed as A12A1376. Because McMeans Leasing's notice of appeal was not filed within 15 days of McMeans's notice of appeal, it cannot be considered a cross-appeal. See OCGA § 5-6-38 (a).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 04/25/2012
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*