# Court of Appeals
# of the State of Georgia

ATLANTA,_____June 01, 2016_____

*The Court of Appeals hereby passes the following order:*

## A15A0858. SHANYFELT v. WELLS FARGO HOME MORTGAGE, INC.

Appellant David K. Shanyfelt filed a multi-count complaint against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") seeking declaratory and injunctive relief, damages for wrongful foreclosure, fraud, and breach of contract, and to quiet title. Additionally, Shanyfelt also set out an alternative claim to recover the equity from the sale of the property in the event the foreclosure sale was upheld. Wells Fargo moved to dismiss the complaint pursuant to OCGA § 9-11-12 (b) (6) based on failure to state a claim, and Shanyfelt filed a brief in opposition to the motion. The trial court held a hearing on the motion on July 15, 2014, and Shanyfelt filed an amended complaint on October 6, 2014. About a week later, on October 13, 2014, the trial court entered an order granting Wells Fargo's motion to dismiss. Shanyfelt filed a motion for reconsideration, which the trial court has never ruled on, and then this timely direct appeal. However, it is clear from our review of Wells Fargo's motion to dismiss, the transcript of the hearing on the motion, and the trial court's order granting the motion that, while the trial court's order reasonably can be read as dismissing all of Shanyfelt's claims touching on the wrongful foreclosure, the trial court did not rule, and indeed Wells Fargo did not seek to dismiss, Shanyfelt's alternative claim to recover the excess proceeds from the foreclosure sale.[1]

---

[1] Shanyfelt also contends the trial court's order should not be read to dismiss his breach of contract claim based on the failure to provide permanent financing as set out in a construction rider. Although it does appear that Wells Fargo specifically argued this claim should be dismissed, to the extent the trial court's dismissal order is unclear as to the dismissal of that particular claim, the trial court will have the

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation and citation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 741) (1989). Here, although the trial court either directly or implicitly dismissed all of Shanyfelt's claims relating to the wrongful foreclosure, the breach of contract claim relating to the recovery of the excess foreclosure sale proceeds remains pending. Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See id. Accordingly, this Court lacks jurisdiction and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____06/01/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

opportunity to clarify its ruling when this case is returned to the trial court for disposition of Shanyfelt's excess proceeds claim.