# Court of Appeals
# of the State of Georgia

ATLANTA,￼  October 28, 2016

*The Court of Appeals hereby passes the following order:*

## A17A0435.  DAVID WIMBUSH v. SHABRITA MCDUFFIE.

David Wimbush filed a personal injury action against Shabrita, Olivia, and Stanford McDuffie.  The trial court later granted Shabrita McDuffie's motion to enforce a settlement agreement and dismissed Wimbush's claims against her. Wimbush then filed this direct appeal.  We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment.  In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed."  *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted); see also *Underwood v. Dunn*, 215 Ga. App. 252 (451 SE2d 129) (1994). Because Wimbush's claims against Olivia and Stanford McDuffie remain pending below, the challenged order is not a final order.  Moreover, the trial court did not direct the entry of final judgment in accordance with OCGA § 9-11-54 (b).  Under these circumstances, Wimbush could appeal the order only by following the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b).  See *Johnson*, supra. His failure to follow that procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*____10/28/2016____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____*, Clerk.*