# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0542.  ZIA HOOD-BAHADURI v. CHARLES BRANDRIFF et al.**

The plaintiff, Zai Hood-Bahaduri, filed a three-count complaint against the defendants, including Count 1 for "Complaint in Law and Equity to Recover Plaintiff's 2013 Kai Automobile," Count 2 for "Trover Action for Recovery of Personal Property or its Value," and Count 3 for "Breach of Duty of Care to Protect Plaintiff's Property."  The defendants filed a motion to dismiss Counts 1 and 3.[1]  The trial court granted the motion to dismiss as to the two counts.  The plaintiff then filed this direct appeal.[2]  We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment.  In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b)."  *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted).  Where neither of these code sections is followed, the appeal is premature and must be dismissed.  Id.  Because Count 2 of the plaintiff's complaint remains pending, the

---

[1] The plaintiff petitioned the trial court to convert the motion to dismiss into a motion for summary judgment under OCGA § 9-11-12.  The trial court, however, declined to do so.

[2] The plaintiff originally filed this appeal in the Georgia Supreme Court claiming equity jurisdiction.  The Supreme Court, however, found no equity jurisdiction and transferred the matter to this Court.  See Case No. S17A0188 (decided October 3, 2016).

challenged order is not a final order. Moreover, the trial court did not direct the entry of final judgment in accordance with OCGA § 9-11-54 (b). Under these circumstances, the plaintiff could appeal the order only by following the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Johnson*, supra. His failure to follow that procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __11/03/2016__
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*