# Court of Appeals
# of the State of Georgia

ATLANTA,  May 07, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0753. RESTORA HEALTHCARE HOLDINGS, LLC v. LAUGHLIN et al.**

Plaintiffs George Dunaway, Rod Laughlin, and Greg Sassman filed this civil action against Restora Healthcare Holdings, LLC, Jason Dodd, and Kip Weatherwax. The defendants filed a motion to dismiss for forum non conveniens; to compel arbitration and dismiss, or in the alternative to stay litigation; and to dismiss for failure to state a claim. The trial court granted the motion to stay so that the parties could arbitrate the dispute, and the court reserved ruling on the remaining grounds for dismissal. In the orders granting the stay, the trial court ruled that the plaintiffs' employment agreements required them to arbitrate all of their claims against all of the defendants.

Following an arbitration proceeding, Laughlin and Sassman were awarded damages against Restora. In August 2017, the trial court granted Laughlin and Sassman's application to confirm the arbitration award and entered a final judgment in favor of Laughlin and Sassman. Restora then filed this direct appeal, seeking review of the August 2017 order.

In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer]than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the [interlocutory appeal] requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed.

(Punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989).

Here, the trial court's order states that "a final judgment is entered in favor of Plaintiffs Laughlin and Sassman." But the record is unclear as to the remaining claims, if any, involving plaintiff George Dunaway and defendants Dodd and Weatherwax, and the trial court's order does not indicate its intention with respect to any determination pursuant to OCGA § 9-11-54 (b). In light of the existing arbitration award and the trial court's finding that the plaintiffs must arbitrate all claims against all parties, the case is hereby REMANDED for clarification as to finality of the confirmation order as to all of the claims and parties.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  05/07/2018
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*