# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0532.  MARIAN A. ENNIS v. CHARLES PEARSON.

In this civil action, Plaintiff Marian Ennis[1] raised (i) a defamation claim against Charles Pearson, in his individual capacity and in his capacity as President of Rivercrest Homeowners Association, Inc. ("RHA"); and (ii) a claim for damages against RHA arising out of a dispute over past-due homeowner association fees.  On June 6, 2018, the trial court granted Pearson's motion to dismiss Ennis's defamation claim.[2]  In its June 6 order, the trial court also explicitly reserved a ruling on the parties' requests for attorney fees "until final disposition of the case."[3]  Ennis then filed this application for discretionary review, seeking to appeal the June 6 order.  We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA

---

[1] Ennis's first name is listed as "Marilyn" in the trial court order at issue in this application.

[2] Ennis has not submitted a copy of Pearson's motion to dismiss, in violation of Court of Appeals Rule 31 (e).

[3] The statutory basis for the parties' requests for attorney fees is unclear on the current record.

§ 5-6-34 (b).  See id.  Where neither code section is followed, the appeal is premature and must be dismissed.  Id.

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that RHA has been dismissed from this action. Consequently (and pretermitting whether an application for discretionary appeal was required), because this action remains pending below, Ennis was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the June 6 order.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).  Her failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED.  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/02/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*