# Court of Appeals
# of the State of Georgia

ATLANTA,   January 16, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0838.   TIDEWATER CAPITAL PARTNERS, LLC et al. v. RDJV PROPERTIES, LLC.**

RDJV Properties, LLC filed a petition to quiet title pursuant to OCGA § 23-3-40 et seq. against Samuel Earle, Tidewater Capital Partners, LLC, First-Citizens Bank & Trust Company, LendingHome Funding Corporation, and Rock Solid Home Investors, Inc.  Defendant LendingHome did not object to the relief sought by RDJV Properties and agreed to the entry of a consent order between RDJV Properties and LendingHome.  Tidewater Capital Partners and Rock Solid Home Investors objected and filed a notice of appeal to the Supreme Court from the trial court's entry of the consent order.  They subsequently filed a motion for summary judgment in the trial court.  The Supreme Court transferred the direct appeal to this Court.  See S19A0241 (transferred October 22, 2018).  We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  In such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.  "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed."  Id.

Here, the trial court's consent order resolved RDJV Properties' claims against LendingHome, but did not address the claims against the other defendants, and therefore it was not a final order.  Moreover, the trial court did not direct the entry of

final judgment in accordance with OCGA § 9-11-54 (b).  And a motion for summary judgment from the appellants remains pending before the trial court.  Under these circumstances, the appellants could appeal the consent order only by following the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b).  See *Johnson*, 192 Ga. App. at 629.  Their failure to follow this procedure deprives us of jurisdiction over this direct appeal.  Accordingly, RDJV Properties' motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/16/2019
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*