# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0545.  MARSHA W. MIGNOTT v. BRIAN GARDINER.**
**A19D0551.  THE MIGNOTT LAW GROUP, LLC. v. BRIAN GARDINER.**

In this civil action, Plaintiff Marian Ennis[1] raised a defamation claim against Charles Pearson, in his individual capacity and in his capacity as President of Rivercrest Homeowners Association, Inc. ("RHA") and sought damages from both defendants.  Marsha W. Mignott and the Mignott Law Group represented Ennis, and Brian Gardiner represented RHA.  Ennis filed a motion to disqualify Gardiner, which was denied and resulted in an award of attorney's fees to Gardiner.[2]  On July 6, 2019, and July 9, 2019, respectively, Mignott and The Mignott Law Group filed applications for discretionary appeal from the trial court's order dated May 10, 2019, which denied their motion to set aside the order awarding attorney fees pursuant to OCGA § 9-15-14 (b) and granted a motion to compel Mignott's deposition. We lack jurisdiction for two reasons.

First, an application for discretionary appeal must be filed within 30 days of entry of the order to be appealed.  OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).  We lack jurisdiction to consider an untimely application. See *Hill*, supra.  Here, Mignott filed her application 57 days after the trial court's

---

[1] Ennis's first name is listed as "Marilyn" in the trial court order at issue in this application.

[2] On May 16, 2018, we dismissed Ennis's application for discretionary appeal from the order awarding fees for failure to follow the interlocutory appeal procedures. See Case No. A18D0443.

order was entered, and the Mignott Law Group filed its application 60 days after the entry of the order.  Therefore, both applications are untimely.

Second, both Mignott and the Mignott Law Group failed to follow the proper appellate procedure. Rather than filing an application for discretionary review, they were required to use the interlocutory appeal procedure to appeal the order at issue because it an interlocutory order requiring compliance with OCGA § 5-6-34 (b) as the case remains pending in the trial court. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.

For these reasons, we lack jurisdiction over these applications, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/01/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*