# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2020

*The Court of Appeals hereby passes the following order:*

### A19A1755.  WILLIE S. JENKINS, JR. v. WILLIE MUNFORD, ON BEHALF OF NEW WILLOW GROVE BAPTIST CHURCH et al.

Plaintiffs Willie Munford, Ginneski Munford, and Tracey Cheevers, on behalf of New Willow Grove Baptist Church filed a complaint for, inter alia, declaratory judgment against Willie S. Jenkins, Jr., in this property dispute. The plaintiffs thereafter amended their complaint to add a claim for quiet title, and the court appointed a special master to conduct a title abstract. The plaintiffs then filed a motion to bifurcate the action, and the matter proceeded to a bench trial only as to the claims raised in the original complaint. Following the bench trial, the court entered an order granting declaratory judgment to the plaintiffs, canceling Jenkins's deed, and awarding the plaintiffs attorney fees. Jenkins then filed this direct appeal. We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). In such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

The order on appeal resolved the declaratory judgment action and canceled Jenkins's deed. However, the order did not resolve the quiet title claim. See OCGA § 23-3-66 et seq. Further, the order did not direct the entry of final judgment in

accordance with OCGA § 9-11-54 (b). Under these circumstances, Jenkins's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   *01/16/2020*
    *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
    *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*