# Court of Appeals
# of the State of Georgia

ATLANTA,  January 29, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1087.  LINDSEY JONES v. CITIMORTGAGE, INC. et al.**

In this civil action, plaintiff Lindsey Jones asserted several claims against defendants CitiMortgage, Inc. ("Citi"); Phelan, Hallinan, Diamond, & Jones, PLLC ("Phelan"); and Main Street Renewal, LLC ("Main Street").  In a June 25, 2019 order, the trial court: (i) granted Citi's and Phelan's motions to dismiss all but one of the claims against them; and (ii) denied Jones's motion for a default judgment against Main Street.[1]  In a "Final Order" dated August 28, 2019, the trial court granted Citi's and Phelan's motions to dismiss the only claim remaining against them.  Jones then filed this direct appeal.  We lack jurisdiction.

In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989).  Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b).  See id.  Where neither code section is followed, the appeal is premature and must be dismissed.  Id.

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that Main Street has been dismissed from this action.

---

[1] The trial court denied a default judgment on grounds that the allegations in Jones's complaint did not establish any of the claims asserted against Main Street.  The trial court did not, however, dismiss any of the claims against Main Street or otherwise dismiss Main Street from the action.

Consequently, because this action remains pending below, Jones was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the August 28 order.  See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).  Jones's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.  See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__01/29/2020_____*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*