# Court of Appeals
# of the State of Georgia

ATLANTA,  August 31, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0129. FREEPORT TITLE & GUARANTY, INC., AS TRUSTEE OF THE 645 HUNTERS CREEK TRUST v. SOMYA HOMES, LLC.**

This action began when Freeport Title & Guaranty, Inc., as Trustee of the 645 Hunters Creek Trust, filed a petition to quiet title against respondent Somya Homes, LLC. Somya filed an answer and third-party complaint, in which it raised several claims against third-party defendant Gadette Company, Inc. Following a hearing before a special master, the trial court issued an order in which it adopted the special master's recommendation, denied Freeport's petition to quiet title, and found that title to the property at issue is vested in Somya. On the same day, the court also issued an order granting the special master's motion to draw down fees paid into the court registry. Freeport then filed this direct appeal, seeking appellate review of both orders. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the record contains no indication that the trial court adjudicated any of Somya's third-party claims or directed the entry of judgment under OCGA § 9-11-54 (b). Consequently, because Somya's third-party claims remain pending, this action remains pending in the trial court, and Freeport therefore was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the denial of its petition to quiet title. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Freeport's failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/31/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*