# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0254. RONALD RUTH et al. v. CHEROKEE FUNDING, LLC. et al.**

Ronald Ruth and Kimberly Oglesby, Individually and on Behalf of All Others Similarly Situated, filed this lawsuit against Cherokee Funding, LLC, Cherokee Funding II LLC, Cherokee Funding III LLC (collectively, the "Cherokee Defendants"), Reid M. Zeising, and Michael G. Hostilo, LLC ("Hostilo"). Zeising and the Cherokee Defendants filed a motion to dismiss, and Hostilo filed a separate motion to dismiss. In March 2020, the trial court entered an order granting Zeising and the Cherokee Defendants' motion to dismiss in full. In a separate order entered on the same date, the trial court dismissed all claims against Hostilo, except for claims for general and professional negligence. Ruth and Oglesby then filed this direct appeal of the order dismissing their claims against Zeising and the Cherokee Defendants. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither Code section is followed, the appeal is premature and must be dismissed. Id.

Here, the record contains no indication that the trial court directed the entry of

judgment under § 9-11-54 (b) or that the remaining claims in this action have been disposed of. Consequently, because this action remains pending below, Ruth and Oglesby were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order dismissing their claims against Zeising and the Cherokee Defendants. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Ruth and Oglesby's failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/20/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*