# Court of Appeals
# of the State of Georgia

ATLANTA, October 20, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0266. R. V. DRONAVALLI v. 21 14TH STREET ONE-THIRD, LLC et al.

R. V. Dronavalli filed a breach of contract action against 21 14th Street One-Third, LLC ("One-Third") and Kiran Gupta. One-Third and Gupta answered, counterclaimed, and filed a third-party complaint against 21 14th Street Two-Thirds, LLC ("Two-Thirds") and Shi Shailendra. One-Third then filed a motion to dismiss and Gupta filed a motion for judgment on the pleadings. Two-Thirds and Shailendra also filed a motion for judgment on the pleadings. Thereafter, the trial court granted One-Third's and Gupta's motions. Dronavalli then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the trial court specifically stated that it was not addressing the third-party defendants' motion and did not direct the entry of judgment under OCGA § 9-11-54 (b). Consequently, because the third-party defendants remain in the case, this action remains pending in the trial court, and Dronavalli therefore was required to use the

interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the dismissal of its breach of contract claim. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Dronavalli's failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  10/20/2020*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

         *, Clerk.*