# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1743. GREGORY B. EVANS et al v. GSB CREDIT SOLUTIONS, LLC.**

Gregory B. Evans and Dedra J. Evans are joint owners of real property located at 94 Howell Street. In 2013, RES-GA GDEA, LLC obtained a judgment against the Evanses in the amount of $513,604.56; RES-GA subsequently assigned the judgment to GBS Credit Solutions, LLC. In 2021, GBS filed a complaint for equitable sale and appointment of receiver, alleging, generally, that the Evanses are financially unable to pay the judgment and that their Howell Street property should be sold so the judgment can be satisfied. The Evanses raised counterclaims for trespass, violations of the Georgia RICO Act, declaratory judgment, and reformation and cancellation. The trial court appointed a receiver to manage and sell the Howell Street property,[1] and the receiver negotiated a sale of the property and entered into a contract with the purchasers. On May 19, 2022, the trial court accepted the receiver's report of sale and confirmed the sale under OCGA § 23-4-35. In the same order, the trial court ordered that the proceeds of the sale shall be held in the court's registry until further order of the court. The Evanses now appeal from the trial court's May 19 order. We, however, lack jurisdiction.[2]

---

[1] We note that the Evanses represented, during a May 13, 2022 hearing before the trial court, that they filed a notice of appeal from the trial court's order appointing a receiver. As of the date of this order, however, no such appeal has been docketed in this Court.

[2] In the notice of appeal, the Evanses assert that we have jurisdiction over this appeal pursuant to OCGA § 5-6-34 (a) (2), which authorizes appeals from "[a]ll judgments involving applications for discharge in bail trover and contempt cases."

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Here, although the trial court's May 19 order confirmed the sale of the Howell Street property, the order clearly contemplated further action by the trial court and several issues remain pending, including the Evanses' counterclaims. Because the trial court's order is non-final, this appeal is premature and is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/12/2022*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

That provision is inapplicable because this is neither a bail trover nor contempt case.