# Court of Appeals
# of the State of Georgia

ATLANTA,  August 06, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0045. CHRISTOPHER COELHO v. SAUL WERTZER.

Saul Wertzer sued Christopher Coelho for specific performance of a contract and for a preliminary injunction. Coelho answered and asserted counterclaims for breach of contract, slander of title, and declaratory judgment.  Wertzer moved to dismiss the counterclaims for breach of contract and slander of title. Coelho then voluntarily dismissed without prejudice his claim for slander of title. At the hearing on the motion, Coelho voluntarily dismissed his counterclaim for breach of contract. The trial court then heard argument with regard to Coelho's claim for declaratory judgment.[1] Thereafter, the trial court denied as moot Wertzer's motion to dismiss the counterclaims for breach of contract and slander of title, but it entered judgment in favor of Wertzer on Coelho's counterclaim for declaratory judgment.  Coelho then filed this appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. See *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason

---

[1] Neither party moved for summary judgment on the declaratory judgment claim, but the parties clearly consented to having the claim heard by the trial court.

for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. See id.

Here, although the trial court's order resolved Coelho's counterclaims, Wertzer's claims for specific performance and injunctive relief remain pending. As there is no indication in the trial court's order that it was directing judgment under OCGA § 9-11-54 (b), Coelho was required to follow the interlocutory appeal procedures to appeal. His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/06/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*