# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0136. TYRA MASSEY et al v. DEKALB COUNTY SCHOOL DISTRICT.**

The Plaintiffs, Tyra Massey and Floyd Massey, individually and as parents on behalf of their minor child, Evan Massey, filed a complaint against the DeKalb County School District ("DCSD") and Errol Hough for injuries sustained by Evan Massey when a DCSD school bus driven by Hough ran over his leg. DCSD filed a motion to dismiss the claims against it based on sovereign immunity. The trial court denied DCSD's motion to dismiss. DCSD filed a motion for reconsideration. Thereafter, the trial court granted DCSD's motion and dismissed all claims against DCSD. The Plaintiffs then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. See *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. See id.

Here, although the trial court's order resolved claims against DCSD, the claims against Hough remain pending. As there is no indication in the trial court's order that it was directing judgment under OCGA § 9-11-54 (b), the Plaintiffs were required to

follow the interlocutory appeal procedures to appeal.[1] Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   08/20/2024*

       *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

       *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The record shows that the Plaintiffs requested and obtained a timely certificate of immediate review from the trial court on July 1, 2024. The Plaintiffs then filed a notice of appeal on July 8, 2024 rather than an application for interlocutory appeal.