# Court of Appeals
# of the State of Georgia

ATLANTA, __January 15, 2025__

*The Court of Appeals hereby passes the following order:*

**A25A0951. TALON ASSETS, LLC v. MARATHON HOLDINGS, LLC et al;
A25A0952. MARATHON HOLDINGS, LLC et al v. TALON ASSETS, LLC**.

Following a non-judicial tax sale, Talon Assets, LLC, filed suit against numerous defendants, including Marathon Holdings, LLC, Home Equity Credit Series 2021, LLC, Fulton County Sheriff Patrick Labat, Fulton County Tax Commissioner Arthur Ferdinand, the Fulton County Board of Commissioners, The Clark Law Group, LLC, the City of Atlanta, The McKillip Law Firm, LLC, and Government Tax Solutions, Inc. Talon Assets sought to quiet title and alleged claims for mandamus, unjust enrichment and quantum meruit, negligence, and payment under OCGA § 15-13-3. On October 3, 2024, the trial court entered an order denying motions to dismiss filed by Ferdinand, Labat, Marathon Holdings, Home Equity Credit Series 2021, and The Clark Law Group. On October 16, 2024, the trial court entered two orders amending the October 3 order: one order granting, in part, Ferdinand's motion to dismiss and a second order granting, in part, Labat's motion to dismiss. In Case Number A25A0951, Talon Assets seeks to appeal the trial court's rulings. In Case Number A25A0952, Marathon Holdings, Home Equity Credit Series 2021, and The Clark Law Group seek to cross appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731)

(1989) (citation and punctuation omitted). "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citations and punctuation omitted).

In this case, although the trial court dismissed the claims against Ferdinand and the majority of the claims against Labat, other claims remain pending below. Because the trial court's order did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b) and because no application for interlocutory appeal was filed, we lack jurisdiction over these direct appeal, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __01/15/2025_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*