# Court of Appeals
# of the State of Georgia

ATLANTA,  February 12, 2025

*The Court of Appeals hereby passes the following order:*

**A24A1773. GENTECH CONSTRUCTION, LLC v. MIKE KERNEA et al.**

Mike Kernea and Christy Kernea filed a complaint against GenTech Construction, LLC that included claims for breach of contract, breach of express and implied warranties, negligent construction, and attorney fees. After a bench trial, the trial court entered an order that resolved only the negligent construction claim, but did not address any of the other claims. GenTech filed this direct appeal from that order.

Although no party has questioned our jurisdiction in this appeal, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. *State of Ga. v. Fed. Defender Program*, 315 Ga. 319, 324 (2) (882 SE2d 257) (2022). Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" However, "[i]n "a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment." *Sage Atlanta Properties v. The Diner Group of Ga.*, 360 Ga. App. 817, 822 (3) (861 SE2d 638) (2021) (citation and punctuation omitted). Accord *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). To obtain appellate review of such a ruling, the trial court must expressly determine that there is no just reason for delay and direct entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal must comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b). *Small v. Chatham County*, 360 Ga. App. 500, 508 (4) (861 SE2d 437) (2021); *Johnson*, supra.

In this case, the trial court's order did not expressly determine that there was no just reason for delay or direct entry of judgment pursuant to OCGA § 9-11-54 (b), and GenTech failed to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). Under such circumstances, "the appeal is premature and must be dismissed." *Johnson*, supra (citations and punctuation omitted). Accordingly, GenTech's direct appeal is hereby dismissed for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__02/12/2025_____*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*