# Court of Appeals
# of the State of Georgia

ATLANTA, June 13, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1965. JOHN F. COYNE, III et al v. SIX HILLS HOMEOWNERS ASSOCIATION, INC. et al.**

Six Hills Homeowners Association, Inc. ("the HOA"), filed this lawsuit seeking unpaid assessments, fines, and attorney fees against John Coyne, III, and Pamela Coyne. The Coynes asserted counterclaims against the HOA and asserted third-party claims against Lueder, Larkin, and Hunter, LLC ("LLH"), Elina Brim, Gregory Power, Christy Czarnecki, Renee Machat, and David McAllister. On January 9, 2025, the trial court issued orders in which it (1) denied the Coynes' motion to set aside an earlier order denying their motion to dismiss the HOA's claims; (2) denied the Coynes' requests for default judgment; (3) granted LLH and Brim's motion to dismiss the Coynes' third-party claims against them; and (4) granted in part and denied in part the motion to dismiss Coynes' claims filed by the HOA, Power, Czarnecki, Machat, and McAllister. The Coynes then filed this direct appeal of the January 9, 2025 orders. The HOA, LLH, and Brim have filed a motion to dismiss the appeal, arguing that we lack jurisdiction because the HOA's claims and some of the Coynes' claims remain pending. We agree.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an

express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Because the case here remains pending below and the trial court did not enter judgment pursuant to OCGA § 9-11-54 (b), the Coynes were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the January 9, 2025 orders. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this appeal. Accordingly, the motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__06/13/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*