# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2092. MARIE SOUSA et al. v. STELLANTIS FINANCIAL SERVICES, INC.

This civil action began when pro se plaintiffs Marie Sousa and Nick Stewart sued multiple defendants, seeking damages and other relief allegedly arising out of inadequate repairs to a vehicle. Defendant Stellantis Financial Services, Inc., filed a motion to dismiss the claims against it, and the plaintiffs filed a motion for a default judgment against Stellantis. The trial court granted Stellantis's motion to dismiss and denied the plaintiffs' motion for a default judgment, and the plaintiffs filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, neither the grant of Stellantis's motion to dismiss nor the denial of the plaintiffs' motion for a default judgment is a final judgment that disposed of all claims against all parties. And the record contains no indication that the trial court directed

the entry of judgment under OCGA § 9-11-54 (b) or that the remaining claims in this action otherwise have been disposed of. Consequently, because this action remains pending below, the plaintiffs were required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order granting Stellantis's motion to dismiss and denying their motion for a default judgment. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/14/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*