# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1712. TRIMEN ENTERPRISES, INC. v. MARCO LOPES.**

In 2018, Marco Lopes filed a complaint against Elliott Hennington, Trimen Enterprises, Inc., Ready 1 Renovations USA, LLC, Steve Swinson, and Shalisha Jackson. Hennington, acting pro se, filed an answer on behalf of himself, individually, and Trimen. Ultimately, Lopes moved to strike Trimen's answer and for default judgment against Trimen. Trimen filed a motion for leave to file an amended answer. After a hearing, the trial court denied Trimen's motion to file an amended answer, and granted Lopes's motions to strike and for default judgment against Trimen, specifically noting that the claims against Hennington remain pending. Trimen seeks to directly appeal these rulings. We, however, lack jurisdiction.

Pretermitting the issue of whether Trimen's prematurely filed notice of appeal ripened, under OCGA § 5-6-34(a)(1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Moreover, in a case involving multiple parties and claims, a decision adjudicating fewer than all the claims is not a final judgment. *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34(b). *Johnson v. Hosp. Corp. of*

*Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the case remains pending below, and the trial court did not direct an entry of judgment under OCGA § 9-11-54(b). Accordingly, Trimen was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34(b), including obtaining a certificate of immediate review from the trial court, in order to obtain appellate review. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Trimen's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal. See *In re Bruni*, 369 Ga. App. 488, 493(8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  04/17/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*