# Court of Appeals
# of the State of Georgia

ATLANTA,  April 23, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1636. ERGIN TEK v. HOLLY PARK SQUARE APARTMENTS, LLC.

Holly Park Square Apartments, LLC filed an action to remove a mechanic's lien, for slander of title, and for sanctions against Ergin Tek and WFL USA, LLC. The trial court granted Holly Park's claims to remove and vacate the mechanics lien and for slander. The trial court reserved Holly Park's request for damages and attorney fees for a separate hearing. Tek then filed this direct appeal from that order.[1] We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1); *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court") (punctuation omitted). For a party to obtain appellate review when the case is still pending below, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34(b). *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Where neither code section is followed, the appeal is premature and must be dismissed. Id.

---

[1] In the underlying case, WFL USA filed a complaint to foreclose the materialman's claim of lien and other damages against Holly Park, and the trial court dismissed the complaint. WFL USA filed a direct appeal from that dismissal, which has been docketed as Case No. A26A1629.

Here, the issue of damages has yet to be determined, and thus the case remains pending below. The trial court did not direct an entry of judgment under OCGA § 9-11-54(b). Accordingly, Tek was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34(b), including obtaining a certificate of immediate review from the trial court, in order to obtain appellate review. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Tek's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal. See *In re Bruni*, 369 Ga. App. 488, 493(8) (893 SE2d 862) (2023) ("The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.") (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/23/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*