# Court of Appeals
# of the State of Georgia

ATLANTA,  June 04, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2003. TRAVION REID v. MATTHEW K. WINCHESTER.

Plaintiff Travion Reid filed an action against his former attorney, Matthew K. Winchester, for breach of fiduciary duty, and Defendant Winchester filed his answer and asserted  counterclaims for bad faith and frivolous litigation. Defendant filed a motion to dismiss Plaintiff's complaint, which the trial court granted, leaving Defendant's counterclaims pending below. Plaintiff filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34(a)(1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34(b). See *Johnson*, 192 Ga. App. at 629. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Because the case here remains pending below and the trial court did not enter judgment pursuant to OCGA § 9-11-54(b), Plaintiff was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Plaintiff's failure to do so deprives us of jurisdiction over this appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __06/04/2026__

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*