# Court of Appeals
# of the State of Georgia

ATLANTA,  June 12, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0054. NORTH GEORGIA ACCOUNTING, LLC et al. v. NORTH GEORGIA ACCOUNTING SOLUTIONS, LLC et al.

In 2020, North Georgia Accounting, LLC ("NGALLC") entered into an agreement to purchase an accounting firm, North Georgia Accounting Solutions, from its owners, Marcia Hall and Tonya Maiseroulle (collectively, "the sellers"). After disputes arose post-closing regarding the purchase agreement, NGALLC sued the sellers for breach of contract and related claims. In turn, the sellers raised numerous counterclaims against NGALLC and filed third-party claims against NGALLC's owner, Christopher Hardy.[1] Following a bench trial, the trial court rejected all of NGALLC's claims and granted the sellers relief on several counterclaims, including breach of contract, declaratory judgment, theft of services, punitive damages, and attorney fees, as well as a third-party breach-of-contract claim, while — as detailed below — leaving other claims unresolved. NGALLC and Hardy appealed from the denial of their joint motion for a new trial. We, however, lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), an appeal generally may be taken from a final judgment, "that is to say, where the case is no longer pending in the court below." In a case involving multiple parties and claims, a decision adjudicating fewer than all the claims is not a final judgment. *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such

---

[1] In their third-party complaint, the sellers also asserted claims against an NGALLC employee, but those claims were later dismissed.

circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34(b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, several claims remain pending below. First, although at trial the court orally granted the sellers' motion to dismiss their claims for defamation and an equitable and legal accounting, the final written order acknowledges only the dismissal of their defamation claims. Because an oral ruling is ineffective until reduced to writing, the accounting claims remain pending. See *Mondy v. Magnolia Advanced Materials, Inc.*, 303 Ga. 764, 772(4)(b) (815 SE2d 70) (2018). Additionally, the written order completely fails to adjudicate either the sellers' counterclaims and third-party claims for negligent and intentional misrepresentation and breach of the covenant of good faith and fair dealing or their third-party claims for contribution and indemnification. We further note that the order contains ambiguous and internally inconsistent rulings regarding the third-party claims against Hardy for theft of services, punitive damages, and attorney fees, arguably rendering those claims nonfinal as well.

Under these circumstances and absent an express determination that there was no just reason for delay, NGALLC and Hardy were required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the order at issue here. See OCGA § 5-6-34(b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure

to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__06/12/2026_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*