## A01A0855. CONSECO FINANCE SERVICING CORPORATION v. HILL et al.
### (556 SE2d 468)

BARNES, Judge.

After the grant of a discretionary appeal, Conseco Finance Servicing Corporation appeals several rulings by the trial court in favor of Johnson and Brenda Collins and Willie Hill concerning a default judgment entered against it for more than $1.28 million. As we find that the trial court erred for the reasons stated below, we must reverse.

After the Collinses and Hill became dissatisfied with a transaction involving the purchase of a mobile home, they filed this action against Allen Young Homes of Gray d/b/a All American Homes of Gray, David Wilhoit and Dino Flores (individually and as agents of Allen Young Homes), and Conseco, as successor in interest to Green Tree Financial Services Corporation, alleging violations of the Georgia Fair Business Practices Act (FBPA), the United States Bankruptcy Code, and the federal Truth in Lending Act. Although served with process, Conseco did not answer the complaint. The other defendants, however, answered the complaint.

Following a hearing on damages during which Johnson Collins testified, the trial court entered a default judgment of more than $1.28 million against Conseco. Collins' entire testimony on damages follows:

> Question by counsel: And did you find that over the — the amount of interest over the life of the loan was $106,834.80?
> Answer by Collins: Right, yes, sir.
> Question: And that you have — your attorneys have worked twenty hours on this and they told you it would be $150 an hour, is that right, $3,000?
> Answer: That's right.
> Question: You are asking the Court to grant you triple damages for — triple actual damages under the Georgia Fair Business Act?
> Answer: That's right.

Question: In the amount of $320,504.40?
Answer: That's right.
Question: And punitive damages you are asking to give you three times the actual damages of $961,513.20?
Answer: That's right.
Question: And $3,000 attorneys fees?
Answer: That's right.
Question: For a total of $1,285,017.60?
Answer: That's right.
Question: And you — that is the damages you accrued under this deal — under this fraudulent deal here which is the allowance under the Georgia Fair Business Act.
Answer: Right, that's it.

No other evidence on damages was presented at the hearing, the transcription of which totaled three pages. The trial court awarded treble damages of $320,504.40 (three times the interest over the life of the loan), punitive damages of $961,513.20 (three times the amount of treble damages), and attorney fees of $3,000.

After discovering the complaint was not answered, Conseco filed motions to set aside the judgment or in the alternative for new trial and to open the default. Conseco alleged the complaint was not answered because it had been forwarded to a local office that was being closed and the complaint was temporarily misplaced. The trial court denied the motions, but granted certificates of immediate review. Upon securing the default judgment, the plaintiffs attempted to dismiss the other defendants, prompting Conseco to move to dismiss or transfer on venue grounds, but the trial court held that the attempted dismissal was ineffective.

Conseco then filed an interlocutory appeal application challenging the denial of all three orders, a discretionary appeal application challenging the denial of its motion to set aside the judgment or in the alternative for new trial, and a notice of direct appeal.

1. As the case is still pending below against the other defendants and the trial court did not certify the judgment against Conseco as final under OCGA § 9-11-54 (b), Conseco correctly challenged the orders by interlocutory application. *Scruggs v. Dept. of Human Resources*, 261 Ga. 587 (1) (408 SE2d 103) (1991); *Rogers v. Dept. of Human Resources*, 195 Ga. App. 118 (392 SE2d 713) (1990); *Daniell v. Heyn*, 169 Ga. App. 772 (1) (315 SE2d 284) (1984).

2. Conseco contends the trial court erred by awarding damages because the facts admitted by its default do not support the elements required to sustain any cause of action against it, and because the evidence presented was insufficient to support an award of damages. Therefore, we first examine whether the complaint alleges a viola-

tion of the FBPA and a punitive damages claim and, if so, whether the plaintiffs presented evidence to support the damages awarded.

The Collinses' complaint alleged that, in response to an advertisement by All American Homes of Gray stating that it could sell and finance mobile homes to anyone, including individuals like themselves who were in Chapter 13 bankruptcy proceedings, they visited All American Homes. The Collinses allege that they met with Wilhoit who suggested that they use a "straw man" or "buy for" to purchase the home on their behalf.

The Collinses asked plaintiff Hill to act on their behalf, and he entered into a contract to buy the mobile home. Wilhoit and his supervisor were aware of this arrangement, and the defendants told the Collinses that this arrangement was "legal." The parties agreed that the payments on the home would be no more than $346.46, and by agreeing to this amount the defendants induced the plaintiffs to enter into the agreement. The Collinses were unaware that the interest rates and the monthly payments would increase in the future, and the defendants "intentionally removed from the copy of the contract" information about these increases. In addition to the necessary jurisdictional allegations, the complaint alleged that Conseco was "jointly and severally liable to the plaintiffs along with the other defendants" for the claims set forth in the complaint.

The complaint also alleged that Conseco purchased the Collinses' loan from All American Homes knowing that the entire transaction was illegal and void. The Collinses became aware that Conseco had purchased the loan when they received notice that their monthly payments would increase to $430.86.

The complaint further alleges that the defendants "are jointly and severally liable to the plaintiffs for fraudulently inducing them to enter into an illegal contract, by knowingly making false and misleading representations, upon which plaintiffs relied, with the intention to deceive plaintiffs and causing damage to the plaintiffs." Additionally, the complaint alleges that the defendants "have violated the provisions of the Georgia Fair Business Practices Act, the United States Bankruptcy Act, the federal Truth in Lending Act, and other statutes and laws all to the detriment of plaintiffs and for which plaintiffs have been damaged."

The complaint concluded by praying that they "be awarded judgment against the defendants, in an amount to be determined by a jury [and] that they recover punitive damages and attorneys fees."

(a) Under our law, "[a] defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery." (Citation omit-

ted.) *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000). Although not apparent from the default judgment itself, the testimony at the hearing on the motion for default judgment makes clear that the judgment was entered solely under the FBPA and not for fraud or any of the other grounds alleged. This testimony also shows that the liability for any damages rests completely upon the allegations in the complaint, because the plaintiffs made no effort to connect any damages to any of the actions asserted in the complaint.

The FBPA provides that "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful." OCGA § 10-1-393 (a). The allegations in the complaint that the defendants fraudulently induced the Collinses to enter an illegal contract by knowingly making false representations and thus violating the Georgia FBPA, the United States Bankruptcy Code, the federal Truth in Lending Act, and other statutes do not establish violations of these acts. These allegations, standing alone, are legal conclusions and were therefore not admitted by Conseco's default. *Stroud v. Elias*, 247 Ga. 191, 193 (1) (275 SE2d 46) (1981).

The complaint also alleges that the "defendants," which can be construed to include Green Tree and its successor, Conseco, induced the plaintiffs to enter the illegal contract by telling them that the monthly payments would be no greater than $346.46, by failing to inform them of the "step interest rate," by intentionally removing from their copy of the contract the page describing the "step interest rate," and by advising them that the "buy for" arrangement was legal. These allegations in the complaint are sufficient to establish a violation of the FBPA.

Even though the plaintiffs were entitled to recover their actual damages for a violation of the FBPA (*Regency Nissan v. Taylor*, 194 Ga. App. 645 (391 SE2d 467) (1990)), they were also required to present evidence establishing those damages. See *Agnew v. Great A & P Tea Co.*, 232 Ga. App. 708 , 710 (1) (502 SE2d 735) (1998). A review of the hearing transcript, however, shows that they failed to do so. Their attorney merely asked Johnson Collins whether the interest over the life of the loan was $106,834.80, which the trial court then tripled. Nothing in the testimony or the complaint shows why the amount of interest over the life of the loan would be the actual damages. For example, as the Collinses did not contend that the defendants represented to them that they would pay no interest on the loan, the total amount of interest on the loan, without adjustment, cannot be the actual damages in this case. Accordingly, we must reverse the trial court's judgment awarding $320,504.40 in compensatory damages.

(b) We next consider the punitive damages award.

(i) The FBPA provides that a claimant is entitled to recover "general and exemplary damages sustained as a consequence" of a violation of the Act. OCGA § 10-1-399 (a). It also provides that, subject to certain exceptions, "a court shall award three times actual damages for an intentional violation." OCGA § 10-1-399 (c). In *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379, 382 (7) (262 SE2d 820) (1979), this court ruled that by the plain terms of the statute, "if an intentional violation is found, then treble damages are mandatory and exemplary damages are permissible." See, e.g., *Miles Rich Chrysler-Plymouth v. Mass*, 201 Ga. App. 693, 699 (411 SE2d 901) (1991). By default, Conseco admitted the plaintiffs' allegation that it intentionally removed from the plaintiffs' copy of the contract the page describing the "step interest rate," an intentional violation of the FBPA. Therefore, the trial court was authorized to award punitive damages, but not required to award three times the compensatory damages, or any amount at all.

(ii) The allegation that the trial court committed legal error by awarding punitive damages in addition to exemplary damages of three times the compensatory damages for the same conduct is without merit. The FBPA authorizes punitive damages in addition to mandating treble damages for intentional violations. *Colonial Lincoln-Mercury Sales v. Molina*, supra, 152 Ga. App. at 382.

(iii) Conseco further contends, however, that the trial court erred by awarding punitive damages because it failed to make the findings required by the punitive damages statute, OCGA § 51-12-5.1 (d) (1). We agree.

In any case in which punitive damages are claimed, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings. Pretermitting the question of whether appellee[s'] allegation in the body of [their] complaint satisfies the statute's requirement that punitive damages be "specifically prayed for," the judgment reveals on its face that the trier of fact failed . . . to make a specific finding that punitive damages were awardable here . . . in accordance with the mandate of OCGA § 51-12-5.1 (d) (2).

(Citation and punctuation omitted.) *Chrysler Credit Corp. v. Brown*, 198 Ga. App. 653, 656 (3) (402 SE2d 753) (1991). We conclude that this defect violated OCGA § 51-12-5.1 (d). As the transcript and record demonstrate that the trial court failed to follow the procedures

required by OCGA § 51-12-5.1, the award of punitive damages cannot stand for this reason.

(c) Conseco also contends the evidence introduced at the hearing on damages did not sustain an award of attorney fees. We agree. Neither the allegations of the complaint nor the client's testimony that the attorneys worked 20 hours and that they told him that they worked for $150 an hour constitutes appropriate evidence of the amount or the reasonableness of the fees to sustain the award of attorney fees. Moreover, as we have reversed the trial court's judgment, an award of attorney fees at this time would be premature.

3. Conseco further contends the trial court violated basic notions of due process by failing to require and insure that notice of the bench trial be provided to all defendants and committed errors of law in failing to set aside the judgment based upon a failure to give notice of the hearing. "It is well settled that the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action." (Citation and punctuation omitted.) *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 649 (3) (516 SE2d 340) (1999). Additionally, "OCGA § 9-11-5 (a) specifically provides that 'the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial.'" *Chrysler Credit Corp. v. Brown*, supra, 198 Ga. App. at 654 (1). Also, to the extent Conseco claims error because of the failure to provide notice to the other defendants who filed responsive pleadings, Conseco lacks standing to assert this claim because it has not shown how any failure to give notice to co-defendants affected its rights. *Hodges. v. Grange Mut. Ins. Co.*, 227 Ga. App. 897, 898 (490 SE2d 213) (1997) (physical precedent); *Stonica v. State Farm Fire &c. Co.*, 198 Ga. App. 717 (402 SE2d 553) (1991). Under the circumstances, we find no error under either reason asserted by Conseco.

4. Conseco further contends the trial court erred by entering judgment because of the mandatory arbitration clause in the contract upon which this action is based. "An arbitration clause of a contract may be repudiated, waived, or abandoned, by either or both parties to a contract. [Cit.] An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration. [Cits.]" *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12-13 (345 SE2d 53) (1986). By failing to answer the complaint, Conseco waived this defense. *Azarat Marketing Group. v. Dept. of Admin. Affairs*, supra, 245 Ga. App. at 257.

5. Conseco's other claims regarding the denial of its motion to set aside or for new trial lack merit. By failing to answer, Conseco waived its defense that the plaintiffs did not give the notice required

by OCGA § 10-1-399 (b) of the FBPA. *Azarat Marketing Group v. Dept. of Admin. Affairs,* supra, 245 Ga. App. at 257. Although Conseco contends that it was not liable under the Truth in Lending Act because a violation was not apparent on its face, the judgment was entered under the FBPA, not the Truth in Lending Act or the Bankruptcy Code, or any other laws generally alleged in the complaint.

6. Conseco's contention that the trial court erred by denying its motion to transfer the case because of lack of venue is also without merit. Conseco argues that the trial court should have transferred the case once the plaintiffs dismissed the other defendants. Conseco acknowledges, however, that the trial court found the dismissals were ineffective. Therefore, the other defendants, upon whom venue was predicated, are still parties to the action, and there is no reason to transfer or dismiss the action at this time.

7. Conseco's allegation that the trial court erred by failing to exercise its discretion and open the default is without merit. The record shows that the motion to open the default was not filed until after final judgment was entered in this case. Under those circumstances, the procedures of OCGA § 9-11-55 (b) were inapplicable, and OCGA § 9-11-60 (d) applies. *Marsh v. Way,* 255 Ga. 284, 285 (2) (336 SE2d 795) (1985). Further, Conseco does not argue on appeal that it is otherwise entitled to have the trial court exercise its inherent authority to set aside or modify a judgment within the same term of court in which the judgment was rendered. See *Piggly Wiggly Southern v. McCook,* 216 Ga. App. 335 (454 SE2d 203) (1995).

Additionally, our decision in this case

invalidates the final judgment and returns this case to the posture it occupied before final judgment was entered, i.e., in default as to liability. We must consequently address appellant's contention that the trial court erred by denying its motion to open the default. Generally, whether the trial court opens a default is a matter resting within its sound discretion, but under OCGA § 9-11-55 (b) the movant must show, inter alia, some legal excuse for failing to answer. In order for this court to intervene in this proceeding, we must find as a matter of law that there is nothing less than reasonable evidence of excusable neglect on the part of [Conseco] and that perforce the trial court acted arbitrarily and abused its discretion. As the record shows that [Conseco] failed to demonstrate any semblance of a legal excuse for failing to answer, but showed at best only that its failure was inadvertent rather than willful, the trial court did not

abuse its discretion by failing to grant [Conseco's] motion to open the default.

(Citations and punctuation omitted.) *Chrysler Credit Corp. v. Brown*, supra, 198 Ga. App. at 657 (4).

Accordingly, the judgment of the trial court must be reversed and the case remanded to the trial court.

*Judgment reversed and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 8, 2001 —
RECONSIDERATION DENIED DECEMBER 5, 2001.

*Kenney & Solomon, Thomas S. Kenney, Robert J. Solomon*, for appellant.

*Fowler & Wills, Samuel A. Fowler, Jr., Joseph H. Briley, F. Robert Raley*, for appellees.