# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0131. JAMES A. RAFAC v. JIANGSU LINHAI POWER MACHINERY GROUP CORP. et al.**

James A. Rafac filed his complaint for damages against multiple defendants, including Jiangsu Linhai Power Machinery Group Corp. The trial court subsequently granted Jiangsu's motion to dismiss for lack of service. Rafac filed an OCGA § 9-11-60 (d) motion to set aside the dismissal order. The trial court denied Rafac's motion, and Rafac filed this application for discretionary review. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that the other defendants have been dismissed from this action. Consequently, the order Rafac seeks to appeal is a non-final order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 774-775 (1) (556 SE2d 468) (2001) (an order denying a motion to set aside a default judgment is not final where the case remains pending against other defendants). Rafac therefore was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-

833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (8) (an appeal from an order denying a motion to set aside under § 9-11-60 (d) must be initiated by filing an application for discretionary review).

Rafac's failure to follow the proper appellate procedures deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,   10/25/2018*
          *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
          *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*