# 94Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2020

*The Court of Appeals hereby passes the following order:*

**A21D0045.  GREGORY  DAVIS  v.  AMALGAMATED  TRANSIT  UNION LOCAL 732 et al.**

Gregory Davis filed a suit against multiple defendants, including Amalgamated Transit Union Local 732 and its representative, Rufus Silas. Silas filed a motion to dismiss, which the trial court granted because Davis did not assert any claims against Silas in his personal capacity. Davis then filed this application for discretionary appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record provided by Davis contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that the other defendants have been dismissed from this action. Although the trial court stated that the order was final and that the case should be marked closed, the claims against the other defendants appear to remain pending. Consequently, the order Davis seeks to appeal is a non-final order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Davis therefore was required to follow the interlocutory appeal procedures set forth in

OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Davis's failure to follow the proper appellate procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   09/04/2020*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*