# Court of Appeals
# of the State of Georgia

ATLANTA,  April 09, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0885. DONNA SCHOONOVER v. JPMORGAN CHASE BANK N. A. et al.

In this action involving an IRA account distribution, Donna Schoonover filed a complaint against JPMorgan Chase Bank N. A., J. P. Morgan Securities, LLC, Kimberly Sparks, and Glenn Schoonover. The trial court subsequently granted JP Morgan defendants' motion to dismiss Donna Schoonover's claims against them. Donna Schoonover then filed this direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record provided by Donna Schoonover contains no indication that the trial court directed the entry of judgment under § 9-11-54 (b) or that Kimberly Sparks and Glenn Schoonover have been dismissed from this action.[1] Because the claims against these other defendants remain pending, the order Donna Schoonover seeks to appeal is a non-final order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*,

---

[1] In fact, the record shows that the trial court denied Kimberly Spark's and Glenn Schoonover's motions for judgment on the pleadings.

192 Ga. App. at 629. Consequently, Donna Schoonover was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Donna Schoonover's failure to follow the proper appellate procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/09/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen