# Court of Appeals
# of the State of Georgia

ATLANTA,  May 25, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1462. MELISSA MATHIS et al. v. GEORGIA LONG TERM CARE AND CONSULTING, P.C.

Melissa Mathis, individually and as administrator of the Estate of Maria S. Kirby, and Jennifer Duncan filed a wrongful death suit against PruittHealth, Inc.; The Oaks-Athens Skilled Nursing, LLC; United Health Services, Inc.; United Health Services of Georgia, Inc.; Mollie C. Headrick, FNP; Georgia Long Term Care and Consulting, P.C.; and John Does 1-3. On March 31, 2021, the trial court granted a motion to dismiss filed by defendants Headrick and Georgia Long Term Care and Consulting, and the plaintiffs thereafter filed this direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that the action against the remaining defendants has been dismissed.[1] Because the claims against these other defendants

---

[1] In fact, the record shows that on March 8, 2021, the trial court denied a separate motion to dismiss filed by all of the named defendants.

remain pending, the March 31 order is a non-final order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Consequently, the plaintiffs were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Their failure to follow the proper appellate procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__05/25/2021_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*