# Court of Appeals
# of the State of Georgia

ATLANTA,  August 17, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0045. A MINOR CHILD C. H., BY AND THROUGH HIS GUARDIANS CHRISTOPHER JASON HOLLAND et al. v. VIEWPOINT HEALTH.**

Minor child C. H., through his legal guardians, filed this tort action against ViewPoint Health and minor child K. D. ViewPoint moved to dismiss the claims asserted against it. Following a hearing, the trial court granted the motion, dismissing the complaint with prejudice "as to ViewPoint Health." C. H. then filed this direct appeal, but we lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that C. H.'s claims against the remaining defendant, K. D., have been dismissed.[1] Because the claims against K. D. remain pending, the order dismissing the complaint as to ViewPoint is a non-final

---

[1] At the hearing on ViewPoint's motion to dismiss, the trial court stated that K. D. had not yet been served.

order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Therefore, C. H. was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). C. H.'s failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   08/17/2021*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*