# Court of Appeals
# of the State of Georgia

ATLANTA,  February 24, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0991. MELODA SNEED v. PLACE AT MIDWAY, LLC et al.**

Meloda Sneed filed suit against Place at Midway, LLC ("Midway"), Pinnacle Property Management Services, LLC ("Pinnacle"), and others. The trial court issued an order dismissing the claims against Midway and Pinnacle, and Sneed filed this direct appeal. We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citation and punctuation omitted). "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted).

Here, the record does not indicate that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that Sneed's claims against the remaining defendants have been resolved. Thus, the order dismissing the complaint as to Midland and Pinnacle is a non-final order that did not resolve all issues in the case. See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Therefore, Sneed was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Sneed's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __02/24/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*