# Court of Appeals
# of the State of Georgia

ATLANTA,  June 12, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1496. THE GIFT BARN BOUTIQUE, LLC v. ROBERT MASSEY MANAGEMENT SYSTEMS, INC.**

The Gift Barn Boutique, LLC ("Gift Barn") filed a complaint for damages against Home Pro Roofing and Construction, Inc., Shane Parsons d/b/a South Georgia Heating & Cooling, and Robert Massey Management Systems, Inc. ("RMMS"). RMMS filed a motion to dismiss and for summary judgment alleging, among other things, that it had never been served with the summons and complaint. The trial court granted RMMS's motion to dismiss based on insufficiency of process and insufficiency of service of process, and Gift Barn filed this direct appeal. We lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that Gift Barn's claims against the remaining two defendants have been dismissed.  Because the claims against the other defendants remain pending, the order dismissing the complaint as to RMMS is a

non-final order that did not resolve all issues in the case. See *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Therefore, Gift Barn was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Gift Barn's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   06/12/2023

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*