# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1635. MICHAEL BROWN v. COLUMBUS POLICE DEPARTMENT et al.

In 2021, Michael Brown filed a pro se wrongful death action against numerous defendants, including the Columbus Police Department; Columbus Regional Hospital; EMS Care Ambulance, LLC; and many individual medical providers. The trial court thereafter dismissed Brown's claims against some of the defendants, and on December 1, 2022, the trial court granted a motion to dismiss filed by defendants EMS Care Ambulance, LLC; Marc Dade; and Issac Waters. Brown thereafter filed this direct appeal from the December 1, 2022 order.[1] We lack jurisdiction.

First, "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Id. The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that Brown's claims against the other defendants, including the Columbus Police Department, have been dismissed. Accordingly, the December 1 order dismissing the

---

[1] Brown originally filed his appeal in the Georgia Supreme Court, which transferred the case to this Court. See Case No. S23A0762 (May 2, 2023).

claims against defendants EMS Care Ambulance, Dade, and Waters appears to be a non-final order that did not resolve all issues in the case. See *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. As such, Brown was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Second, even if the December 1 order was a final order, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Brown filed his notice of appeal on January 9, 2023, 39 days after the December 1, 2022 order, making this appeal untimely.

For these reasons, this appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*__07/17/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] The motions to dismiss Brown's appeal filed in the Georgia Supreme Court by Charisse Logronio, M.D., Kennon McLendon, M.D., Regina Addo Chidi, M.D., Shivam Desai, M.D., Sunil Kumar, M.D., and Neil Desai, M.D., are hereby MARKED MOOT.