# Court of Appeals
# of the State of Georgia

ATLANTA,  August 22, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1759. SANDERWALA, LLC v. CATAMOUNT PROPERTIES 2018, LLC.**

This case is a property dispute between plaintiff Catamount Properties 2018, LLC and multiple defendants. On November 3, 2022, the trial court entered an order finding Sanderwala, LLC in contempt for violating a protective order, declaring the foreclosure of the property null and void, setting aside a security deed to Sanderwala as a sanction, requiring Defendants Sanderwala, LLC and Legal Services Group, LLC Defendants to produce all responsive documents to plaintiff, and ordering Defendants to pay attorney fees. Defendants filed a notice of appeal, seeking  to appeal that order.[1] We, however, lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See id.

---

[1] Also on November 3, 2022, the trial court entered an order granting plaintiff's motion to add Legal Services Group, LLC as a defendant and a separate order denying Sanderwala LLC's motion for summary judgment. Defendants filed an application for interlocutory appeal from those rulings. This Court dismissed Defendants' application as untimely. See Case No. A23I0106 (December 30, 2022).

Here, the case remains pending below and the record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b). Consequently, the order Defendants seek to appeal is a non-final order. See *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Defendants therefore were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Defendants' failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office,*
*Atlanta,   08/22/2023*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*       *, Clerk.*