# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0141. JCBL ENTERPRISES, INC. et al. v. TOONIGH SHOPS, LLC et al.**

The plaintiffs, JCBL Enterprises, Inc., Julie Prindle, and Todd Prindle, filed a complaint against Toonigh Shops, LLC, Timothy Lehning, Market Land Company, LLC, Brightest Assets, LLC, and Tessa Helvig. Toonigh, Lehning, and Market Land filed a motion to dismiss the complaint as to them, which the trial court granted. The plaintiffs then filed this direct appeal. We, however, lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See id.

The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b) or that the plaintiffs' claims against the remaining defendants, Brightest Assets and Helvig, have been dismissed. Because the claims against the other defendants remain pending, the order dismissing the complaint as to Toonigh, Lehning, and Market Land is a non-final order that did not resolve all issues in the case. See *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Therefore, the plaintiffs were required to follow the interlocutory appeal procedures set forth in

OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). The plaintiffs' failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/28/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*