# Court of Appeals
# of the State of Georgia

ATLANTA,  October 16, 2023

*The Court of Appeals hereby passes the following order:*

### A24A0352. ZACHARY JAMES MCALEXANDER v. JOHNNY HUNT MINISTRIES, INC. et al.

Zachary James McAlexander filed suit against Johnny Hunt Ministries, Johnny Hunt, Janet Hunt (collectively, the Hunt defendants), Southern Baptist Convention, Roy Blankenship, and Ravi Zacharias International Ministries, Inc. The trial court granted motions to dismiss filed by the Hunt defendants, Southern Baptist Convention, and Blankenship, and McAlexander filed this direct appeal. We lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b) or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See id.

Here, no motion to dismiss was filed on behalf of Ravi Zacharias International Ministries, Inc. Accordingly, the trial court's order did not have the effect of dismissing McAlexander's claims with respect to that defendant. See *Johnson*, 192 Ga. App. at 629. As the record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b), McAlexander was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b)

to obtain review. See *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015); *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__10/16/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.