# Court of Appeals
# of the State of Georgia

ATLANTA,  October 18, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0264. SLATE HOMES, LLP v. GARY TOPPER AND TOPSY INVESTMENTS, LLC.**

Gary Topper and Topsy Investments, LLC (the "plaintiffs") sued Gavin Litke, Katherine Byars, Slate Homes, LLLP ("Slate"), White Hawk Asset Management, LLC ("White Hawk"), and WHPM Assets, LLC ("WHPM"). Byars and Slate answered. Byars also asserted a counterclaim for breach of contract and claim for indemnification against Topper, and Slate filed a cross-claim for contribution against Litke. Slate and Byars also filed a motion to dismiss the complaint, which the trial court granted. The plaintiffs later filed a "dismissal of Gavin Litke without prejudice." The trial court subsequently entered a "final order granting default judgment" against White Hawk and WHPM, purporting to resolve the case in its entirety. Slate then filed a motion to amend and reopen the case, asking the trial court to amend the order from a "final judgment" because the counterclaim and cross-claim remained pending. The record does not show that the trial court ruled on that motion. Slate then filed a notice of appeal, seeking to appeal the trial court's "final order granting default judgment." We lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party

seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See id.

The record before us contains no indication that the trial court ruled on Byars's counterclaim or Slate's cross-claim and it did not direct the entry of judgment under OCGA § 9-11-54 (b) accordingly. Because the counterclaim and cross-claim remain pending, the default judgment order is a non-final order that did not resolve all issues in the case. See *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 775 (1) (556 SE2d 468) (2001); *Johnson*, 192 Ga. App. at 629. Therefore, Slate was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Slate's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __10/18/2023__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*