# Court of Appeals
# of the State of Georgia

ATLANTA,  June 14, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0351. BOBBY JOHNSON et al. v. 1900 CAPITAL TRUST III, BY U. S. BANK TRUST NATIONAL ASSOCIATION.**

After plaintiffs Bobby and Amanda Johnson filed a petition to quiet title against defendant 1900 Capital Trust III, by U. S. Bank Trust National Association ("1900 Capital"), 1900 Capital answered and asserted two counterclaims against the Johnsons. In an order entered on May 10, 2021, the trial court granted 1900 Capital's motion to dismiss the Johnsons' petition and its requests for a bill of peace and OCGA § 9-15-14 (a) attorney fees. The Johnsons then filed this pro se application for discretionary review, seeking to appeal the May 10 order. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the materials that the Johnsons have submitted with their application contain no indication that the trial court has adjudicated 1900 Capital's counterclaims or directed the entry of judgment under OCGA § 9-11-54 (b). Consequently, it appears that this action remains pending in the trial court, as a result of which the

Johnsons were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to seek appellate review of the May 10 order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Regardless of whether an application for discretionary review would be required to appeal the May 10 order if it were final, the Johnsons' failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also generally *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991) (the discretionary application statute does not relieve an appellant seeking review of an interlocutory order of the requirement of obtaining a certificate of immediate review from the trial court).



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __06/14/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.