# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1509. DEXTER LEE WILLIAMS v. STATE OF GEORGIA EX REL. GEORGE H. HARTWIG, III, D.A. FOR THE HOUSTON JUDICIAL CIRCUIT.**

In March 2020, the State of Georgia ex rel. George H. Hartwig, III, District Attorney for the Houston Judicial Circuit (the "State") filed a complaint against multiple defendants in personam and their respective property in rem. Among the defendants are Dexter Lee Williams, Oliver Oneal King, Curtis Eugene Thorpe, Joe Ben Sears, Jr., and Ameka Ann Williams. In April 2022, the State filed a motion for sanctions, or, in the alternative, motion to compel and extend discovery, against Dexter Lee Williams. On October 31, 2022, the trial court granted the motion, and struck Dexter Lee Williams's answer to the complaint and entered default against him. On November 8, 2022, the trial court entered a default judgment against Dexter Lee Williams and his related defendants in rem. Dexter Lee Williams filed a pro se notice of appeal. We lack jurisdiction.

OCGA § 5-6-34 (a) (1) generally allows direct appeals from final judgments. "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b), or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id.

The record before us contains no indication that the trial court directed the entry of judgment under OCGA § 9-11-54 (b). Likewise, the record appears to show that the State's claims against other defendants, including King, Thorpe, Sears, and Ameka Williams, are still pending. Because the claims against these other defendants remain pending, the trial court's October 31 and November 8 orders are non-final orders that did not resolve all issues in the case. See *Johnson*, 192 Ga. App. at 629. Therefore, Dexter Lee Williams was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Dexter Lee Williams's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   06/21/2023*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*